IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IRA WAYNE HOWARD, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )    Case No. 3:16-cv-01471 |
| | )    Judge Aleta A. Trauger |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM

Before the court is the Motion to Vacate, Set Aside or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1), filed by movant Ira Wayne Howard, also known as Azzam Mansuri Tarif.[1] Howard seeks to challenge his 2005 criminal conviction and sentence in *United States v. Howard*, No. 3:04-cr-00076 (M.D. Tenn. Nov. 8, 2005) (Judgment, Doc. No. 58) (Haynes, J.). (References to the criminal case record will hereafter be designated as "Crim. Doc. No. __.") His first motion to vacate under § 2255 was denied. *Tarif v. United States*, No. 3:06-cv-1067, 2009 WL 89220 (M.D. Tenn. Jan. 13, 2009) (Haynes, J.). The present motion seeks to vacate Howard's sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Doc. No. 1.)

In light of the Supreme Court's holding that *Johnson* announced a new rule of

---

[1] Counsel for the movant represented during the sentencing hearing that the movant had legally changed his name many years ago to Azzam Mansuri Tarif. (*See* Sent'g Tr., Crim. Doc. No. 61 (sealed), at 5.) The ruling on his first § 2255 motion identified him by both that name and Ira Howard. The present motion was brought in the name of Ira Wayne Howard, and the movant has not requested in this case to be identified by his legal name.

constitutional law that applies retroactively, *Welch v. United States*, 136 S. Ct. 1257 (2016), the Sixth Circuit authorized the filing of this second or successive § 2255 motion. *In re Howard*, No. 16-5727 (6th Cir. Sept. 21, 2016).

For the reasons set forth herein, the court will deny the motion and dismiss this action.

**I.     PROCEDURAL BACKGROUND**

On May 4, 2004, a federal grand jury returned a two-count indictment charging Howard with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and carrying a firearm during and in relation to drug trafficking, in violation of 18 U.S.C. § 924(c). (Crim. Doc. No. 10.) On March 22, 2005, Howard pleaded guilty before now-retired Judge William J. Haynes, Jr., to both counts, pursuant to a written Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Through the Plea Agreement, Howard acknowledged that he qualified for sentencing under the ACCA, and the parties agreed to the statutory minimum sentence of 180 months of imprisonment on the charge of being a convicted felon in possession of a firearm (Count 1). The predicate felonies that resulted in the movant's qualifying as an Armed Career Criminal under the ACCA were identified in the Plea Agreement as including convictions for Rape, Aggravated Rape, and Third Degree Burglary. The parties additionally agreed to a sentence of 60 months on Count 2, to run consecutively to the sentence on Count 1. (Crim. Doc. No. 57, Plea Agreement at 7–10.)

In entering into the Plea Agreement, Howard expressly waived any right to appeal his sentence or to bring a collateral challenge to his sentence under 28 U.S.C. § 2255, except on the grounds of involuntariness, ineffective assistance of counsel or prosecutorial misconduct, as follows:

The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to

> appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the offense level as determined by the Court or the manner in which that sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this Plea Agreement. The defendant also knowingly waives the right to challenge the sentence imposed and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

(Crim. Doc. No. 57, at 17–18.)

At the plea hearing, Judge Haynes questioned Howard to confirm that he was competent, understood the charges to which he was pleading guilty, the minimum and maximum prison terms that could be imposed based on a conviction on those charges, and the rights he was waiving by entering a guilty plea. (Plea Hr'g Tr., Crim. Doc. No. 62.) He specifically ascertained that Howard understood that he was giving up the right to challenge his conviction or sentence except on the grounds of involuntariness, ineffective assistance of counsel, or prosecutorial misconduct, that Howard had read the plea documents "page for page" and "line for line," and that he understood them. (*Id.* at 16–17.) Judge Haynes verified generally that the plea was knowing and voluntary.

Likewise, at the sentencing hearing conducted on October 31, 2005, Judge Haynes confirmed that Howard had read the Presentence Report ("PSR") "page for page" and "line for line," that he understood it, had no questions about it, and did not object to it. Because the parties agreed that Howard qualified for sentencing under the ACCA based on the prior Tennessee convictions for third-degree burglary, rape, and aggravated rape (*see* Plea Agreement, Doc. No. 57, at 14), Judge Haynes did not delve into the question of which ACCA clause applied to the prior convictions. Instead, he simply noted that he did not "discern any reason not to accept the agreement of the parties on what the sentence should be," accepted the agreement, and imposed a

sentence of 180 months on Count 1, to run consecutively to the 60-month sentence on Count 2. (Sent'g Tr., Crim. Doc. No. 61, at 6.) Judgment was entered on November 8 2005. (Crim. Doc. No. 58.) Howard did not pursue a direct appeal of his conviction.

Howard's first Motion to Vacate, raising claims of ineffective assistance of counsel, was filed in October 2006 and denied in January 2009. Both this court and the Sixth Circuit Court of Appeals denied a certificate of appealability, and the Supreme Court denied certiorari. Howard, through counsel, filed his present motion in June 2016, twenty-eight days after filing his application for permission to file such a motion in the Sixth Circuit, pursuant to 28 U.S.C. § 2244(b)(3). (*See* Doc. No. 5.) He asked that the case in this court be held in abeyance until the Sixth Circuit ruled on his § 2244(b)(3) motion. (Doc. No. 1, at 2.) The Sixth Circuit granted Howard's application on September 21, 2016.

Thereafter, the government filed its Response (Doc. No. 17), and Howard filed a Reply (Doc. No. 18). Following the retirement of Judge Haynes, the matter was reassigned to the undersigned. The parties have both filed supplemental authority and argument. (Doc. Nos. 20, 21, 22.)

## II. LEGAL FRAMEWORK

### A. 28 U.S.C. § 2255

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the

existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the movant's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing to resolve Howard's claims.

### B. The ACCA and *Johnson v. United States*

Howard pleaded guilty to a violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for a previously convicted felon to possess any firearm or ammunition that has been transported in interstate commerce. The ACCA, 18 U.S.C. § 924(e), mandates a minimum sentence of fifteen years for any person convicted under § 922(g)(1) who has "three previous convictions . . . for a violent felony or a serious drug offense." The three predicate offenses identified in Howard's Plea Agreement fell under the "violent felony" category, rather than the "serious drug offense" category.

Section 924(e)(2)(B) defines "violent felony" as follows:

(2) As used in this subsection—

\* \* \*

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

The first prong of that definition, § 924(e)(2)(B)(i), is known as the "elements clause." *Potter v. United States*, 887 F.3d 785, 787 (6th Cir. 2018). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part ("conduct that presents a serious potential risk of physical injury to another") is known as the "residual clause." *Id.*

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a substantive rule that applies retroactively on collateral review.

## III. ANALYSIS

### A. The Motion

Howard argues, based on developments in the law subsequent to his conviction, that his ACCA sentence was predicated on three Tennessee felonies that, he claims, are no longer validly classified as "violent felonies," for the purposes of the ACCA, under the elements clause or the enumerated-offense clause. He argues that the offenses would now only qualify as violent felonies under the residual clause of the ACCA, which *Johnson* held to be unconstitutional. Based on this argument, he insists that he no longer qualifies as an Armed Career Criminal and is

not subject to the ACCA's mandatory minimum sentence of fifteen years. (Doc. Nos. 1, 21.)

The government responds that the motion must be denied because (1) Howard waived his right to challenge his sentence under § 2255 by the terms of the Plea Agreement; (2) the claim is time-barred; (3) the claim does not fall within the purview of *Johnson*; and (4) the supplemental authority cited by the movant is irrelevant in light of his waiver. (Doc. Nos. 17, 22.)

In his Reply (Doc. No. 18), Howard argues that his waiver was not "knowing" because he did not anticipate the change in the law effected by *Johnson* and that, since he no longer qualifies for sentencing under the ACCA, his fifteen-year sentence now exceeds the statutory maximum. Unfortunately for Howard, the government is correct that Howard waived his ability to challenge his sentence.

**B.      Waiver**

The Sixth Circuit has long held that the knowing and voluntary waiver of a collateral attack is enforceable, including plea agreement waivers of § 2255 rights. *See, e.g.*, *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) ("It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement," including the right to the effective assistance of counsel, so long as the defendant "enter[s] into the waiver agreement knowingly, intelligently, and voluntarily."). It is equally clear that "a change in the law does not render a plea agreement unknowing." *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017); *see id.* at 491 (noting that, "after the Supreme Court voided for vagueness the 'residual clause' in the ACCA's definition of 'violent felony,' courts routinely enforced the appeal waivers of prisoners who stood to benefit." (internal citation omitted)).

The Sixth Circuit has also unequivocally held that the waiver of a right to bring a § 2255 collateral challenge to a defendant's sentence is valid, so long as it is knowing and voluntary. In *Cox v. United States*, 695 F. App'x 851 (6th Cir. 2017), the defendant had pleaded guilty to

being a felon in possession of a firearm and was sentenced to fifteen years under the ACCA based on predicate convictions for Burglary II, Aggravated Burglary, and Evading Arrest. The plea agreement contained an express waiver of the right "to file any motions or pleadings pursuant to 28 U.S.C. § 2255." *Id.* at 852. He later brought a *pro se* § 2255 motion, arguing that the Supreme Court's decision in *Johnson v. United States* rendered each of his prior convictions invalid as predicate convictions under the ACCA and, therefore, that he was no longer subject to the ACCA's mandatory minimum sentence of fifteen years. The district court denied the motion, and the movant brought a Rule 59 motion in which appointed counsel argued that *Johnson*, together with *Mathis v. United States*, 136 S. Ct. 2243 (2016),[2] and the Sixth Circuit's then-pending *en banc* review of *United States v. Stitt*, 637 F. App'x 927 (6th Cir. 2016) ("*Stitt I*"),[3] warranted reconsideration of the district court's ruling with regard to the predicate aggravated burglary convictions. This argument is essentially identical to the one brought by Howard in this case.

The district court denied relief and the Sixth Circuit affirmed, based on waiver, without reaching the merits of the movant's argument that his burglary convictions could not constitute

---

[2] In *Mathis*, the Supreme Court held that, when a defendant's sentencing under the ACCA is premised in part on a prior conviction for "burglary," courts must apply the "categorical approach" to determine whether the "elements of the crime of conviction sufficiently match the elements of generic burglary" for the conviction to qualify as a predicate offense under the ACCA. 136 S. Ct. at 2248.

[3] In *Stitt I*, the Sixth Circuit held that a Tennessee conviction for aggravated burglary was categorically a violent felony under the enumerated offense clause of the ACCA. 637 F. App'x at 931. That decision was vacated, and the Sixth Circuit, sitting *en banc*, held that a Tennessee conviction for aggravated burglary did not qualify as a violent felony under the ACCA, insofar as the burglary of a vehicle adapted for overnight accommodation fell outside the Supreme Court's definition of "generic burglary," which required burglary of a "building or other structure." *United States v. Stitt*, 860 F.3d 854, 857 (6th Cir. 2017). The Supreme Court reversed, holding that burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation qualifies as the enumerated violent felony of burglary, for purposes of the ACCA. *United States v. Stitt*, 139 S. Ct. 399 (Dec. 10, 2018).

ACCA predicate offenses. The appellate court noted that it had "consistently held [that] § 2255 or appeal waivers with plain language that precludes *Johnson-* or *Mathis*-based claims are enforceable even if those waivers were entered into years before *Johnson* and *Mathis* were decided." *Cox*, 695 F. App'x at 853; *accord Slusser v. United States*, 895 F.3d 437 (6th Cir. 2018) (affirming the dismissal of a *Johnson*-based § 2255 motion based on a knowing and voluntary waiver in a plea agreement and rejecting the argument that the sentence was in excess of the statutory maximum on the same grounds), *reh'g en banc denied* (Aug. 22, 2018); *see also In re Garner*, 664 F. App'x 441, 443-44 (6th Cir. 2016) (denying authorization to file a successive § 2255 petition raising a *Johnson*-based challenge to the analogous provision in the U.S.S.G. because the movant had waived his right to pursue such a § 2255 claim in his plea agreement).

As the Sixth Circuit explained in *Slusser*, "[a] voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" *Slusser*, 895 F.3d at 440 (quoting *Morrison*, 852 F.3d at 490). "By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." *Morrison*, 852 F.3d at 490 (citation omitted). "The subsequent developments in this area of the law do[] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *Slusser*, 895 F.3d at 440 (citation and internal quotation marks omitted).

In this case, Howard argues that his waiver of his right to bring a § 2255 challenge to his sentence is not binding because it was not "knowing" and because he cannot waive the ability to challenge a sentence that exceeds the statutory maximum. These arguments are directly foreclosed by *Slusser*. The only basis for Howard's claim that his waiver was not knowing is that he did not anticipate *Johnson*, but a subsequent change in the law does not render a waiver

unknowing. *Slusser*, 895 F.3d at 440. And the knowing and voluntary waiver also operates to bar Howard's claim that his sentence exceeds the statutory maximum. *See id.* ("Slusser contends that an exception to the enforcement of such waivers exists when the challenge is to a sentence that exceeds the statutory maximum. . . . Yet, Slusser fails to distinguish the posture of his challenge with our previous holdings that a *Johnson*-based collateral attack on an illegal sentence does not undermine the knowing and voluntary waiver of 'any right, even a constitutional right, by means of a plea agreement.'" (quoting *Cox*, 695 F. App'x at 853; other internal citations omitted)).[4]

The record establishes that the Plea Agreement's waiver of the right to bring a § 2255 challenge to Howard's sentence was knowing and voluntary. This waiver bars relief in this case.

## III. CONCLUSION

Howard's Motion to Vacate will be denied without a hearing. An appropriate Order is filed herewith.

ENTER this 13th day of February 2019.

 _____
 ALETA A. TRAUGER
 United States District Judge

---

[4] *Slusser* noted that the holding in *United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006), *abrogated on other grounds by Cradler v. United States*, 891 F.3d 659 (6th Cir. 2018), to the effect that "an appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded," constituted non-binding dicta. This court does not construe *Slusser* to address challenges to the validity of a waiver of the right to challenge a sentence that exceeded the statutory maximum under the law in effect at the time the judgment was entered, a question not at issue in *Slusser* or here.